WILLIAM ROLLINS *vs.* HANNAH E. CROCKER.

*Contract of a married woman prior to Laws of 1866, c. 52, void.   Statute of Frauds.*

In 1865 the plaintiff agreed with Isaac Crocker, the defendant's husband, to build a barn upon land owned by her for $125, of which said Isaac paid him $25 at that time.   The defendant subsequently promised the plaintiff (as he says) to see him paid for the barn; *held*, that a verdict for the plaintiff could not be sustained, because such promise, if made as testified to, was within the Statute of Frauds; also, because it did not affirmatively appear that it was made subsequently to the passage of the Public Laws of 1866, c. 52, empowering married women to contract generally, and the promise did not relate to any business carried on by the defendant within the meaning of Public Laws of 1862, c. 148.

ON EXCEPTIONS AND MOTION FOR A NEW TRIAL.

In August, 1865, William Rollins, the plaintiff, agreed with Isaac Crocker, then the husband of the defendant, but since deceased, to put up a barn upon land belonging to Mrs. Crocker, for $125, the house in which Mr. and Mrs. Crocker lived, being upon a neighboring lot owned by Mr. Rollins.   Twenty-five dollars were paid Rollins in advance by Isaac Crocker.   Rollins testified that he "afterward learned that she owned the property, and went to see if she acquiesced in the bargain;" that upon being asked if she knew her husband had made this bargain with Rollins, she said she did, and that she owned the land where the barn was to set; or, to use the witness' language, "where I was to set the barn;" and "she said she would see me paid for it, and that any bargain or agreement Mr. Crocker made, would be all right." The date of this conversation was not given by the plaintiff, and the defendant utterly denied that she ever had any such talk with Mr. Rollins, or ever promised to pay for the barn.

The plaintiff said that he was prevented from laying the whole floor in 1865, by reason of hay being piled on one side of the barn, and that he did not complete the work till September, 1870,

and brought this action on the twenty-eighth day of the following month, claiming a lien upon the barn and on the land on which it stood, which Mrs. Crocker had conveyed, May 31, 1869, to a Mr. Goud, making no mention of the building. In 1865, the Public Laws of 1862, c. 148, were in force, authorizing a married woman engaged in any trade or business to contract with relation thereto; but it was not till the Laws of 1866, c. 52, were enacted, that authority to contract generally was given.

The justice presiding instructed the jury, that though Mrs. Crocker was a married woman at the time, yet "being the owner of the property, she had a right to make a contract; and, therefore, if she did make one, would be bound by it." The verdict was for the plaintiff and the defendant filed exceptions to this instruction, and a motion to set the verdict aside as against law and evidence.

*A. C. Stilphen*, for the defendant, claimed that the alleged promise if made—and the balance of testimony was against this assumption—was void under the Statute of Frauds, and the laws then in force relating to the contracts of married women, citing the decisions in this State upon this subject, especially *Lee v. Lannahan*, 59 Maine, 478.

*W. Benjamin*, for the plaintiff, contended that there was nothing in the case to show that the defendant's promise was in 1865, and some testimony indicating that it was made in 1868; and that the legal presumption would be in favor of a verdict and the equity of the cause, that it was made when she was competent to contract; and that, if her husband acted for her, as her agent, the Statute of Frauds would not apply.

RESCRIPT.

From the plaintiff's own testimony, it appears that he first made a contract with the defendant's husband, and that subsequently she promised to see him paid; which promise is not in writing, and is, therefore, within the Statute of Frauds.

The defendant was also a married woman, and there is no proof that her promise was subsequent to the Public Laws of 1866, c. 52, but the inference is, that it was before that, and for this reason it is void. *Lee v. Lannahan*, 59 Maine, 478.

*Motion and exceptions sustained.*